## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: 4,193,904 COMMON MEMBERSHIP ) | |
| UNITS IN SIERRA SCIENCES, LLC ) | |
| 250 S, ROCK BLVD, SUITE 130, RENO, ) | |
| NEVADA, UNITED STATES HELD BY OR ON ) | Misc. No. _____ |
| BEHALF OF CHRISTOPHER CHASE ) | |

### EX PARTE APPLICATION OF THE UNITED STATES
### TO REGISTER AND ENFORCE A FOREIGN RESTRAINING ORDER
### PURSUANT TO 28 U.S.C. § 2467(d)(3) AND 18 U.S.C § 983(j)

Applicant United States of America, by and through its undersigned attorneys, respectfully applies for the entry of a restraining order pursuant to 28 U.S.C. § 2467(d)(3) and 18 U.S.C. § 983(j) to preserve property subject to forfeiture in New Zealand in response to a New Zealand treaty request for mutual legal assistance. Specifically, this application is seeking to enforce portions of a foreign restraining order issued by the High Court of New Zealand, Auckland Registry, to restrain assets in the United States in order to preserve the availability of these assets during the pendency of New Zealand forfeiture proceedings in connection with the criminal prosecution of Christopher Arther Chase ("Chase"), also known as Christopher Alan Roger D'Aguiar. Chase is the subject of an ongoing criminal proceedings based upon a New Zealand Police ("NZP") investigation into a large narcotics trafficking and money laundering scheme. The foreign restraining order has been certified for enforcement "in the interest of justice" by the Assistant Attorney General of the United States Department of Justice's Criminal Division in accordance with 28 U.S.C. §§ 2467(b) and (d)(3)(B)(ii).

## I.   JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2467.  Venue is proper in this Court pursuant to 28 U.S.C. § 2467(c)(2)(B), which provides, in relevant part, that "venue shall lie in the district court for the District of Columbia or in any other district in which the defendant or the property . . . may be found." *Id.*

## II.   APPLICATION

The United States is seeking an order pursuant to § 2467(d)(3) to preserve assets identified by New Zealand in its February 10, 2014 restraining order.  On February 11, 2014, the United States Department of Justice, Asset Forfeiture and Money Laundering Section ("AFMLS"), received a mutual legal assistance request from New Zealand seeking enforcement of this order for the purpose of securing U.S.-based assets believed to represent proceeds of the criminal activity of Chase and others for eventual confiscation (forfeiture) by New Zealand.  The United States, with the appropriate certification of the Assistant Attorney General annexed hereto as Exhibit A, applies to this Court to issue a restraining order giving effect to the New Zealand court's restraining measure, thus preserving assets subject to forfeiture in New Zealand from dissipation here in the United States.

The following specific assets are subject to the February 10, 2014, New Zealand restraining order, attached as Exhibit B: "The shareholding in Sierra Sciences, LLC, 250 S, Rock Blvd, Suite 130, Reno, Nevada, United States held by or on behalf of Christopher Chase."  The United States is seeking the restraint of these assets based upon the involvement of the assets, and of the New Zealand national that beneficially owns it, in a narcotics trafficking, organized crime, and money laundering scheme that is being investigated and prosecuted by the NZP and the Crown Law Office of New Zealand.  The February 10, 2014, "without notice" restraining

order, by it terms expired on February 17, 2014.  However, the original restraining order was

obtained "without notice," and New Zealand prosecutors re-applied prior to the expiration of the

"without notice" order and gave notice to affected parties.  *See* attached Exhibit C, On Notice

Application for Restraining Order.  Upon filing the February 17, 2014 application for a "with

notice" order, the attached and AAG Certified restraining order, by operation of the New

Zealand law[1] was extended and will remain valid until the February 17, 2014 "with notice"

application is finally disposed of by the New Zealand court.

## III.   FACTUAL BACKGROUND

On February 11, 2014, the New Zealand Crown Law Office, Office of the Attorney

General, transmitted a mutual legal assistance ("MLA") request in connection with Operation

Ark, a criminal investigation into illicit narcotics and money laundering involving multiple

suspects, including Chase.[2]  On November 16, 2011, Operation Ark went overt when the NZP

arrested and charged several suspects, including Chase.  According to the New Zealand MLA

---

[1] New Zealand Criminal Proceeds (Recovery) Act 2009 Article 39 provides that:

**39 Duration of restraining order when application without notice**

(1) A restraining order made as a result of an application made without notice under
section 22 ("restraining order A") ceases to be in force on the date that is the end of
the period of 7 days commencing on the date on which restraining order A is made.

(2) However, if, before restraining order A expires, an application is made with notice for
a restraining order on notice ("restraining order B") in relation to the same property to
which restraining order A relates (whether or not the application also relates to any
other property), restraining order A continues in force until the application for
restraining order B is finally disposed of.

\* \* \*

[2] In June 2012, AFMLS executed an MLA request from New Zealand and enforced a restraining
order against real property located in New Jersey in connection with a portion of Operation Ark
which stemmed from New Zealand's related prosecution of Allen Bryan Cho for drug trafficking
and money laundering offenses.  *See* No. 1:12 MC 00349 (D.D.C., June 28, 2012).

3

request, Chase has been charged with producing or manufacturing, importing, and distributing

controlled substances in violation of §§ 6(1)(a), 6(1)(b), 6(1)(c), 6(1)(e), and 6(2) of the Misuse

of Drugs Act of New Zealand.

Chase controlled a company called "New Zealand Imports and Exports Ltd.," also known

as "London Underground" (the trading name of New Zealand Imports and Exports Ltd).  London

Underground promoted itself as a purveyor of legal "highs."  Nonetheless, persons associated

with the London Underground sold ecstasy-type pills that contain Class B (N-Ethylcathinone)

and C (4-Methyl-N-Ethylcathinone or "4-MEC") drugs, substances that are illegal in New

Zealand and are considered by the U.S. Drug Enforcement Administration ("DEA") to be an

"analogue"—a designer substitute—for Methcathinone.  Methcathinone is a Schedule I narcotic

regulated pursuant to the Controlled Substances Act.[3]

Chase is the founder of London Underground, and his family trust owns a 50% share in

the company.  During execution of search warrants at multiple addresses, the NZP discovered

eight pill presses, more than 100,000 pills, large volumes of compounds, dyes and embossing

stamps used in the manufacture of pills, seven firearms and more than $900,000 in cash.  During

the search of Chase's residence, the NZP discovered: a) approximately $25,000 in cash; b) a

spreadsheet entitled "cost of goods", which indicates Chase and his associates sold the ecstasy

analogue pills for $15 each; c) a spreadsheet entitled "Account" which recorded ecstasy analogue

pills sold, the price per pill, sums outstanding and the royalties various people were to be paid

from the sale of each pill, as well as a royalty Chase appeared to receive; and d) a spreadsheet

---

[3] Thomas DiBerardino, Ph.D., a chemist at DEA's Drug and Chemical Evaluation Section, has analyzed the chemical structure of 4-MEC and declared, under penalty of perjury, that 4-MEC shares substantial chemical structural similarities and substantially similar pharmacological effects with the Schedule I stimulant, Methcathinone.  According to the DiBerardino's affidavit, 4-MEC fulfills the lab testable criteria contained in 21 U.S.C. § 802(32) for determining whether a substance is an analogue of a Schedule I or II controlled substance.

entitled "The Village", which recorded money transactions from the sale of controlled drugs and the transfer and distribution of that money thereafter.

The Village spreadsheet indicates that, of the money received from the sale of illegal pills, at least $1 million U.S. dollars were transferred to Sierra Sciences LLC ("Sierra LLC"), a scientific laboratory researching anti-aging treatments located in Reno, Nevada. The NZP found a written agreement that Chase agreed to purchase 10% of Sierra LLC, namely, 4,193,904 Common Membership Units, worth $2 million. Exhibit D. The NZP possess Skype messages between Chase and one of his associates confirming payments to Sierra LLC for the purchase of an interest in Sierra LLC.

## IV.   LEGAL AUTHORITY

Pursuant to 28 U.S.C. § 2467(d)(3), United States federal courts are authorized to issue restraining orders to preserve property during the pendency of foreign forfeiture proceedings until receipt of an enforceable final foreign forfeiture judgment. *See* 28 U.S.C. § 2467(d)(3). Section 2467(d)(3)(A) provides:

> [t]o preserve the availability of property *subject to civil or criminal forfeiture under foreign law*, the Government may apply for and the court may issue a restraining order at *any time before* or after *the initiation of forfeiture proceedings by a foreign nation.*

(emphasis added). For the purposes of § 2467, the definition of foreign nation includes "a foreign jurisdiction with which the United States has a treaty or other international agreement in effect providing for mutual forfeiture assistance." 28 U.S.C. § 2467(a)(1). In issuing such a restraining order, a U.S. court may either rely on information from an affidavit "setting forth a reasonable basis to believe the property to be restrained will be named in a judgment of forfeiture," or it may register and enforce a foreign restraining order. *See* 28 U.S.C. § 2467(d)(3)(B). A prerequisite for the enforcement of a foreign restraining order is certification

5

by the Attorney General that enforcement of the order is in the interest of justice. *See* 18 U.S.C. § 2467(b)(2).[4]

Title 18, United States Code, Section 2467(d)(3)(A) also requires that a U.S. restraining order giving effect to a foreign restraining order be issued "consistent with subparagraphs (A), (C), and (E) of subparagraph [(d)](1) and the procedural due process protections for a restraining order under Section 983(j) of Title 18." 28 U.S.C. § 2467(d)(3)(A).[5]   Consequently, the district court may deny enforcement of a foreign restraining order if it finds that the order was obtained without due process, was issued by an authority that lacked subject matter jurisdiction, or was obtained by fraud.   The cross-reference to § 983(j) does not require that forfeiture proceedings, civil or criminal, be filed in the United States, but rather refers to actions and proceedings

---

[4] On March 9, 2006, the Attorney General delegated authority for the certification of orders under this provision to the Assistant Attorney General for the Criminal Division.

[5] At the restraining order stage, the United States need not show that the offense giving rise to forfeiture is enumerated in 18 U.S.C. § 1956(c)(7) or would give rise to forfeiture if it had been committed with in the United States. *In re Restraint of All Assets Contained or Formerly Contained in Certain Inv. Accounts at UBS Fin. Servs.*, 860 F. Supp. 2d 32, 41 (D.D.C. 2012) ("[Section 2467(d)(3)] does not expressly incorporate the dual forfeiture requirement that applies to final orders of forfeiture."). Nevertheless, dual forfeitability is present here. The New Zealand restraining order is based upon the importation, manufacturing and distribution of controlled substances, including violations of §§ 6(1)(a), 6(1)(b), 6(1)(c), 6(1)(e) and 6(2) of the New Zealand drug laws. Section 2(1) of New Zealand's Criminal Proceeds (Recovery) Act of 2009 provides for forfeiture of assets obtained by a criminal offender. These offenses constitute foreign narcotics offenses for which forfeiture is authorized pursuant to 18 U.S.C. § 981(a)(1)(B), which includes the forfeiture of proceeds of foreign offenses enumerated in 18 U.S.C. §1956(c)(7)(B), including "the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act)." *See* 18 U.S.C. § 1956(c)(7)(B)(i). Additionally, such offenses constitute foreign offenses for which enforcement of a foreign forfeiture order is authorized under § 2467(a)(2)(A). The New Zealand criminal conduct would also satisfy a dual forfeitability standard, as proceeds of domestic drug offenses, which are subject to forfeiture pursuant to 21 U.S.C. §§ 853 and 881 (proceeds of certain drug offenses) including, non-exclusively: 21 U.S.C. § 841 (distribution of controlled substances); § 846 (drug conspiracy); § 848 (continuing criminal enterprise); § 952 (importation of controlled substances). Such offenses give rise to forfeiture under 18 U.S.C. § 981(a)(1)(A) and (C).

initiated in the foreign country. *See* 28 U.S.C. § 2467(d)(3)(A)(ii)(II); *see also Gang Luan v. United States*, 722 F.3d 388, at 394-396 (D.C. Cir. 2013) (holding that the filing of a foreign civil forfeiture complaint is not required, but that "applicable" foreign criminal proceedings, sufficient to justify the restraint of assets indefinitely pending final forfeiture, should entail "procedural due process protections consistent with those that the filing of an American civil forfeiture complaint" would have afforded).

## V.    DISCUSSION

As set forth below, the certified New Zealand restraining order meets each of the relevant criteria for registration and enforcement pursuant to 28 U.S.C. § 2467 and, therefore, entry of the proposed U.S. restraining order is appropriate to preserve the property during the pendency of the New Zealand forfeiture proceedings.

### A.    The New Zealand Restraining Order Meets Each of the Requirements for Registration and Enforcement

First, New Zealand is a foreign nation as defined by 28 U.S.C. § 2467(a)(1). Although the United States does not have a bilateral mutual legal assistance treaty with New Zealand, both nations are parties to the 1988 United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances ("1988 Vienna Convention"), which obligates member states to provide mutual legal assistance in investigations, prosecutions, and other proceedings, including confiscation related to narcotics offenses.[6] Article 7 of the 1988 Vienna Convention contains a non-exhaustive list of legal assistance available under the Convention regarding investigations, prosecutions, and judicial proceedings relating to narcotics trafficking. Requests for assistance concerning the immobilization of assets and assistance in forfeiture proceedings

---

[6] *See* United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, Dec. 20, 1988, arts. 5 and 7, S. Treaty Doc. No. 101-4, 1582 U.N.T.S. 165 (ratified on February 20, 1990, by the United States and December 16, 1998, by New Zealand).

are specifically envisioned. *See* 1988 Vienna Convention, Dec. 20, 1988, art. 5(4), S. Treaty

Doc. No. 101-4, 1582 U.N.T.S. 165 (ratified on February 20, 1990, by the United States and

December 16, 1998, by New Zealand). Article 5(4)(b) of the 1988 Vienna Convention states:

> Following a request made pursuant to this article by another Party having
> jurisdiction over an offence established in accordance with article 3, paragraph 1,
> the requested Party shall take measures to identify, trace, and freeze or seize
> proceeds, property, instrumentalities or any other things referred to in paragraph 1
> of this article for the purpose of eventual confiscation to be ordered either by the
> requesting Party or, pursuant to a request under subparagraph a) of this paragraph,
> by the requested Party.

*Id.* art. 5(4)(b). Accordingly, the first criterion for enforcement is satisfied because the United

States and New Zealand are parties to an agreement authorizing forfeiture assistance.

Second, on February 20, 2014, the Acting Assistant Attorney General certified, pursuant

to 28 U.S.C. § 2467(b)(2), that it is in the interest of justice to register and enforce the New

Zealand restraining order. Exhibit A. The determination to certify a foreign order for

enforcement is not subject to judicial review. *Id.* Thus, this criterion for enforcement is met.

Third, the New Zealand restraining order appears to have been issued consistent with due

process. In order to secure the February 10, 2014, restraining order under § 22 of the Criminal

Proceeds (Recovery) Act of 2009, the New Zealand Prosecutor provided an affidavit from the

officer in charge of the criminal investigation in Operation Ark. The affidavit provides

significant information establishing that Chase and his co-conspirators have committed serious

felonies and describes why criminally derived assets are believed to exist in the United States.

On the basis of the New Zealand Prosecutor's February 10, 2014, application and the affidavit of

the lead investigator in Operation Ark, the New Zealand Court determined that the restraining

order must be issued without notice because there was a risk that notifying the interested persons

could result in the subject property being dissipated or destroyed. *See* Exhibit B. Significantly,

Chase will have received notice and an opportunity to be heard regarding the New Zealand restraining order, upon application of the Prosecutor to convert the "without notice" order into a "with notice" order. *See* §§ 21 and 23 of the Criminal Proceeds (Recovery) Act of 2009 (providing for notice and a hearing, at which interested parties, including the respondent, may appear and adduce evidence for or against the restraint). Finally, those who assert "innocent ownership" over the restrained property (*e.g.*, family members) may also be heard at the hearing. *See* § 58 of the Criminal Proceeds (Recovery) Act of 2009. As stated above, the Crown Law Office filed an application for a "with notice" restraint of the property on February 17, 2014, and thus has given notice of the restraining order to Chase and any other interested parties. *See* Exhibit C. Following notice by the New Zealand authorities, interested persons will have the opportunity to object to the provisional measure by challenging the application for a "with notice" restraining order in the time allotted by New Zealand law.

Fourth, the New Zealand restraining order was issued by an authority with subject matter jurisdiction. The New Zealand prosecutor has advised AFMLS that, under New Zealand law, the High Court, Auckland Registry, is a court of criminal jurisdiction that has subject matter jurisdiction to issue the restraining order in this matter.

Finally, the United States has no reason to believe that the February 10, 2014, restraining order was obtained by fraud. As such, ample justification exists for the registration and enforcement of the order in the United States.

**B.      The Requested Order Is Appropriate and Should Be Executed Pursuant to 18 U.S.C. § 983(j)**

Because the criteria set forth in 28 U.S.C. §§ 2467(d)(1) (A), (C), and (E) are met, and the New Zealand restraining order was issued consistent with the "procedural due process protections for a restraining order under Section 983(j) of Title 18," this Court should enforce the

New Zealand restraining order by executing a restraint pursuant to 18 U.S.C. § 983(j) and 28

U.S.C. § 2467(d)(3)(A).  Title 28, United States Code, Section 2467 cross-references § 983(j)

which, in a domestic civil forfeiture context, allows the court to issue "a restraining order or

injunction . . . or take any other action to seize, secure, maintain, or preserve the availability of

property" during the pendency of a forfeiture action upon the filing of a civil forfeiture

complaint.   Section 2467(d)(3)(A)(ii)(II)(aa) clarifies that references to civil forfeiture filings in

§ 983(j)(1) are deemed to refer to "the applicable foreign criminal or forfeiture proceedings" in

the context of enforcing a foreign order.  Thus, this Court has the authority to issue a restraining

order to enforce the February 10, 2014, New Zealand restraining order, as the New Zealand

criminal proceeding is the applicable proceeding for the purpose of § 983(j)(1).

The attached February 10, 2014 New Zealand restraining order issued by a court of

competent jurisdiction marks the intention of the Government of New Zealand to seek forfeiture,

as permitted by article 2(1) of the Crime Proceeds (Recovery) Act of 2009, in connection with

the criminal prosecution of Chase and his co-conspirators.  To guarantee the effectiveness of

future forfeiture by the Government of New Zealand, the High Court may issue provisional

measures, such as the February 10, 2014 restraining order, while the case is prosecuted to

prevent the dissipation of the proceeds of unlawful activity "if the court is satisfied that it has

reasonable grounds to believe that any property is tainted property."

Consequently, by applying the language of § 2467(d)(3)(A) and structures under

§ 983(j)(1)(A), the New Zealand restraining order—intended to safeguard assets for forfeiture—

warrants this Court to issue an order to "preserve the availability of property . . . subject to

forfeiture" for the duration of the foreign proceedings.  *See* § 2467(d)(3)(A) (specifying that the

district court may enter a restraining order at *any time before* or after the initiation of foreign

forfeiture proceedings) (emphasis added).  As such, this Court should recognize the New

Zealand order and enforce it according to its terms.  These terms include instructions that the

Subject Property "is not to be disposed of, or dealt with, by any other than is provided for in this

order, and is to be under the Official Assignee's custody and control."  *See* Exhibit B, New

Zealand Restraining Order.

VI.     **CONCLUSION**

      For the reasons set forth above, the United States respectfully requests that this Court

enforce the February 10, 2014, New Zealand restraining order by entering the attached proposed

restraining order against the captioned property.


                    Respectfully submitted,

                    JAIKUMAR RAMASWAMY, CHIEF
                    ASSET FORFEITURE AND MONEY
                    LAUNDERING SECTION

By:                            
                    A. J. DE KLUIVER (LA BAR #20163)
                    Assistant Deputy Chief
                    JENNIFER WALLIS (VA BAR #75547)
                    Trial Attorney
                    Asset Forfeiture and Money
                      Laundering Section
                    Criminal Division
                    U.S. Department of Justice
                    1400 New York Avenue NW, 10100
                    Washington, D.C.  20530
                    Telephone:     (202) 514-1263
                    Fax:           (202) 616-2547

                    Attorneys for Applicant
                    UNITED STATES OF AMERICA

# Exhibit A



U.S. Department of Justice

Criminal Division

_Assistant Attorney General_                          _Washington, D.C. 20530_

## ASSISTANT ATTORNEY GENERAL DECISION

**DECISION:**

In accordance with 28 U.S.C. § 2467(b)(2) and the Attorney General's delegation of authority, Number 2820-2006, to the Assistant Attorney General for the Criminal Division, I hereby find that it is in the interest of justice to CERTIFY the attached February 10, 2014 New Zealand restraining order (CIV 2011-404-7206) issued by the High Court, Auckland Registry, to restrain:

(i)   The shareholding in Sierra Sciences, LLC, 250 S, Rock Blvd, Suite 130, Reno, Nevada, United States held by or on behalf of Christopher Chase; and

(ii)  Any property held by Sierra Sciences LLC on behalf of Christopher Chase.

The High Court, Auckland Registry is a competent authority to issue the attached order.

**Mythili Raman**
**Acting Assistant Attorney General**
**Criminal Division**

2/20/14
**Date**

Exhibit B

# ANNEXURE C

**In the High Court of New Zealand**
**Auckland Registry**

CIV 2011-404-7206

| | |
|---|---|
| Under | the Criminal Proceeds (Recovery) Act 2009 |
| Between | **Commissioner of Police** |
| | Applicant |
| And | Christopher Arther Roger Chase of 16 Zara Court, Windsor Park, Auckland |
| | Respondent |

## Without notice application for restraining orders

**Dated 10 February 2014**

**S J Eisdell Moore QC**
Crown Solicitor – Auckland

**MEREDITH | CONNELL**
BARRISTERS AND SOLICITORS

T Refoy-Butler
PO Box 2213, Auckland 1140, DX CP24063
Ph: 09 336 7500, Fax: 09 336 7629
thomas.refoy-butler@meredithconnell.co.nz

BS04185_1

# Without notice application for restraining orders

TO:             The Registrar

AND TO:        the Official Assignee

1.      The without notice application for restraining orders (dated 10 February 2014)
        filed by the Commissioner of Police was determined in chambers at the
        Auckland High Court on 10 February 2014 by the Honourable Justice Duffy.

2.      The determination was made without notice to any or all of the persons who, in
        the applicant's knowledge have an interest in the proposed restrained property
        (including Mr Chase).

3.      As a result of the determination, the Court made the following orders under
        section 22, 24, and 25 of the Criminal Proceeds (Recovery) Act 2009 (Act):

        (a)     the following property (Property) shall not be disposed of, or dealt with,
                by any person other than as provided for in this order, and is to be under
                the Official Assignee's custody and control:

                (i)     the shareholding in Sierra Sciences, LLC, 250 S, Rock Blvd, Suite
                        130, Reno, Nevada, United States held by or on behalf of the
                        respondent, Christopher Chase; and

                (ii)    any property held by Sierra Sciences on behalf of the
                        respondent, Christopher Chase.

Date:      10 February 2014

M. LIBRE
Signature: DEPUTY REGISTRAR
           Registrar / Deputy Registrar

NOTE:

As this order has been made without notice to you, it will cease to be in force on 17
February 2014, unless before it expires an application for another restraining order is
made on notice in relation to the same property to which this order relates, in which
case this order continues in force until the application on notice is final disposed of. At
the hearing of the application on notice, you or your counsel or solicitor may appear and
adduce evidence in opposition to that application.

3504185_1

Exhibit C

**In the High Court of New Zealand**
**Auckland Registry**

CIV 2011-404-7206

| | |
|---|---|
| **Under** | the Criminal Proceeds (Recovery) Act 2009 |
| **Between** | **Commissioner of Police** |
| | **Applicant** |
| **And** | **Christopher Arther Roger Chase** of 16 Zara Court, Windsor Park, Auckland |
| | **Respondent** |

# On notice application for restraining orders
## Dated 17 February 2014

## S J Eisdell Moore QC
Crown Solicitor - Auckland

MEREDITH | CONNELL
BARRISTERS AND SOLICITORS

T Refoy-Butler
PO Box 2213, Auckland 1140, DX CP24063
Ph: 09 336 7500, Fax: 09 336 7629
thomas.refoy-butler@meredithconnell.co.nz

# On notice application for restraining orders

**TO:**          the Registrar

**AND TO:**      the respondent

**AND TO:**      Raechelle Chase

**AND TO:**      Sierra Sciences, LLC

**AND TO:**      the Official Assignee

**This document notifies you that:-**

1    The applicant (**Commissioner**) will apply to this Court on Wednesday 26 February 2014 at 10:00 am for the following orders under sections 21, 24 and 25 of the Criminal Proceeds (Recovery) Act 2009 (**Act**):

    (a)    the following property (**Property**) shall not be disposed of, or dealt with, by any person other than as provided for in this order, and is to be under the Official Assignee's custody and control:

        (i)    the shareholding in Sierra Sciences, LLC, 250 S, Rock Blvd, Suite 130, Reno, Nevada, United States held by or on behalf of the respondent; and

        (ii)   any property held by Sierra Sciences on behalf of the respondent.

2    The grounds on which the restraining orders are sought:

    (a)    there are reasonable grounds to believe that the Property is tainted property;

    (b)    there are reasonable grounds to believe the respondent has unlawfully benefited from significant criminal activity;

    (c)    the application relates to the respondent's property; and

    (d)    as further set out in the affidavit of Wayne Gray (dated 5 February 2014) filed in support of the without notice application dated 10 February 2014 as well as the affidavits of Wayne Gray (dated 9 November 2011, 24 November 2011 and 12 December 2012) and Colin Parmenter (dated 9 November 2011, 16 December 2011 and 15 March 2012).

3    The 'significant criminal activity' relied on is the importation, manufacture and sale of class B and C controlled drugs (contrary to s 6 of the Misuse of Drugs Act 1975) and money laundering (contrary to s 243 of the Crimes Act 1961).

4       The application is made in reliance on ss 21, 24 and 25 of the Act and part 19 of
        the High Court Rules.


**Date:**        17 February 2014


**Signature:**    ........................................
                T Refoy-Butler, Counsel for the Commissioner


This document is filed by **S J Eisdell Moore QC**, Crown Solicitor at Auckland, solicitor for
the applicant, whose address for service is at the offices of Meredith Connell, Level 17,
Forsyth Barr Tower, 55-65 Shortland Street, Auckland.

Documents for service on the above-named applicant may be left at that address for
service or may be:

(a)     posted to the solicitor at PO Box 2213, Auckland 1140; or

(b)     left for the solicitor at a document exchange for direction to DX CP24063.

Exhibit D

1

**SIERRA SCIENCES LLC**
**COMMON MEMBERSHIP UNIT PURCHASE**

This Agreement (the "Agreement") is made and entered into, as of March 23, 2011 ("Effective Date"), by and between Sierra Sciences LLC ("Company"), having a principal place of business at 250 South Rock Blvd., Ste 130 and Chris Chase, a(n) ☑ individual, ☐ partnership, ☐ limited liability partnership, ☐ corporation, ☐ limited liability company (check the appropriate box) of the City of Auckland, New Zealand (Chris Chase).

WHEREAS: The Company desires to sell and Chris Chase desires to buy up to 10% of the ownership of the Company at a rate of 1% for each $200,000 invested,

WHEREAS  The current Common Membership Unit ownership is as follows:

| SSLLC | | | |
|---|---|---|---|
| Common | Bill Andrews | 7,000,000 | 18.5454% |
| | Richard Offerdahl | 15,372,500 | 40.7271% |
| | Pierluigi Zappacosta | 15,372,500 | 40.7271% |
| | October Pawlik | 133 | 0.0004% |
| Total Common | | 37,745,133 | 100.0000% |

AND WHEREAS: The resulting issuance by the Company of additional Common Membership Units and payment by Chris Chase to purchase a 10% ownership share would result in an ownership as follows:

| SSLLC | | | |
|---|---|---|---|
| Common | Bill Andrews | 7,000,000 | 16.6909% |
| | Richard Offerdahl | 15,372,500 | 36.6544% |
| | Pierluigi Zappacosta | 15,372,500 | 36.6544% |
| | Chris Chase | 4,193,904 | 10.0000% |
| | October Pawlik | 133 | 0.0003% |
| Total Common | | 41,939,038 | 100.0000% |

THEN: The Company agrees to sell and Chris Chase agrees to buy up to 4,193,904 Sierra Sciences Common Membership Units at $0.476882637 per unit.

TERM: This agreement shall begin on the Effective Date and continue until March 23, 2013 unless otherwise cancelled by either party.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Effective Date.

"Company"                                              "Other Party"

SIERRA SCIENCES LLC.                                   CHRIS CHASE

By: _____                            

Name: ____Richard Offerdahl____          By: _____

Title: ____Chairman____                  Name: Chris Chase_____

                                         Title: Mr_____

This is the annexure marked "I" referred to in the affidavit of
WAYNE LLOYD GRAY sworn at Auckland this 5 day of
February 2014 before me                          **Cherie Morrison**
                                                 **Solicitor**
                                                 **Auckland**
Signature
...............................................
A Solicitor of The High Court of New Zealand
(Solicitor to sign in part on Exhibit)